IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LEVI BENJAMIN | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| | : | NO. 17-3666 |
| LYDIA BENJAMIN | : | |

KEARNEY, J.                                                                                                                          September 25, 2017

## MEMORANDUM

Given our limited jurisdiction, we generally do not decide issues in ongoing state court divorce proceedings. When, as today, a former husband disgruntled with the state court divorce process sues his former wife under the civil rights laws seeking to vacate 2014 support orders or strike pending state court rules to show cause in an ongoing divorce case, we must ensure he can state a claim in our limited jurisdiction before we proceed. As he cannot state a claim for denial of due process or equal protection against his former wife as she is not a state actor, we grant the former wife's motion to dismiss. He fails to state a claim. We lack jurisdiction. Even if we enjoyed jurisdiction, we cannot vacate 2014 state court support orders or pending scheduling orders in the ongoing state court divorce matter. As there are no imaginable good faith grounds under which the husband can sue his wife in this Court to vacate state court divorce orders based on their present status, we will not grant the husband leave to amend his complaint. He must proceed in the state court.

## I. Alleged facts

Sometime in 2012, 2014 and 2017, Levi Benjamin and his estranged wife Lydia Cherryl-Ann Coldero *a.k.a.* Lydia Benjamin disputed terms of their divorce in the Court of Common Pleas for Philadelphia County.[1]

This case arises from Mr. Benjamin appearing in the state court before Special Master Pandofi on July 10, 2014 for a support hearing.[2] Mr. Benjamin requested a continuance of the July 10, 2014 support hearing because his attorney did not appear.[3] He also requested a continuance because he suffers from Post-Concussion Syndrome which causes cognitive defects and he offered to enter his medical records into evidence to support his request.[4] Special Master Pandofi denied Mr. Benjamin's request.[5]

Mr. Benjamin described himself as "dizzy" and did not feel well while representing himself during the July 10, 2014 hearing.[6] He informed Special Master Pandofi twice about his dizziness and ill health. Special Master Pandofi did not decide if Mr. Benjamin could represent himself with these symptoms, but continued with the support hearing.[7] Special Master Pandofi awarded alimony *pendente lite* to Mr. Benjamin's estranged wife based on evidence adduced at the July 10, 2014 hearing.

On September 2, 2014, Judge Elizabeth Jackson heard the parties' exceptions to Special Master Pandofi's award of alimony *pendente lite*.[8] Judge Jackson denied Mr. Benjamin's attempt to raise issues about his medical condition during the July 10, 2014 hearing.[9] On September 2, 2014, Judge Jackson partially granted Mr. Benjamin's exceptions to the alimony award and ordered him to pay $930 a month in alimony and maintain health insurance for his estranged wife.[10]

Mr. Benjamin petitioned to modify the September 2, 2014 Support Order on October 28, 2015.[11] He argued a medical assessment found him to be "totally and permanently disabled from

performing the duties of his job without further risk to his health."[12] It is unclear what happened with his petition.

At some point, Mr. Benjamin also hired a private investigator to investigate his estranged wife.[13] The investigator discovered his estranged wife lived in Florida with Rajesh Ramphal "from a specific date in 2014 thru a specific date in 2017."[14] His estranged wife continued to receive Mr. Benjamin's alimony *pendente lite* payments even though she lived with Mr. Ramphal who worked full-time.[15] She also "knowingly failed or refused" to change her address, state of residency, or her household income with the Court of Common Pleas for Philadelphia County.

For unknown but immaterial reasons, the September 2, 2014 Order apparently expired because Mrs. Benjamin petitioned to reinstate September 2, 2014 Order awarding her alimony *pendente lite*. She also requested an order of alimony *pendente lite* retroactive to April 26, 2016.[16] The court set a hearing for October 20, 2017.[17] On the same day, she also petitioned to freeze the distribution of Mr. Benjamin's pension until after they resolved their divorce.[18] The state court issued a rule to show cause and set a hearing for September 19, 2017.[19]

In the middle of these ongoing proceedings, Mr. Benjamin sued his estranged wife in this Court on August 15, 2017 alleging "his Rights to due process under the Fifth Amendment ... were violated during the [July 10, 2014 support] hearing."[20] Mr. Benjamin also alleges his estranged wife violated his right to equal protection under the Fourteenth Amendment. Mr. Benjamin requests we vacate Special Master Pandolfi's July 18, 2014 Proposed Order and Judge Jackson's September 2, 2014 Order awarding alimony *pendente lite*.[21] Mr. Benjamin also requests we dismiss his estranged wife's motions to reinstate alimony *pendente lite* and motion

3

to freeze Mr. Benjamin's pension distributions currently pending in the Court of Common Pleas of Philadelphia County.[22]

## II. Analysis

Ms. Benjamin moves to dismiss under Fed. R. Civ. P. 12(b)(1) and (6) arguing we lack subject matter jurisdiction because Mr. Benjamin does not raise a federal question under 28 U.S.C. § 1331 as he does not allege she violated his Fifth or Fourteenth Amendment rights.

Even assuming we have subject matter jurisdiction based on his allegations, Mr. Benjamin does not state a claim upon which relief can be granted under Rule 12(b)(6).[23] While *pro se* pleadings, "must be held to less stringent standards than formal pleadings drafted by lawyers," they must "still allege sufficient facts in their complaints to support a claim."[24]

### A. Mr. Benjamin does not state a claim against his estranged wife.

Mr. Benjamin alleges Ms. Benjamin violated his right to due process and equal protection under the Fifth and Fourteenth Amendments. Congress enacted § 1983 to remedy violations of rights under federal law, including their constitutional rights.[25] To state a § 1983 claim, Mr. Benjamin must allege (1) Ms. Benjamin deprived him of due process under the Fifth and Fourteenth Amendments; and (2) Ms. Benjamin "acted under color of state law" when she deprived him of his right to due process.[26]

Construing Mr. Benjamin's allegations in the light most favorable to him, he does not allege facts to demonstrate Ms. Benjamin is the person who deprived him of his constitutional right to due process because he alleges Special Master Pandofi denied his request for continuance, not Ms. Benjamin. Even if he did allege Ms. Benjamin deprived him of due process somehow, he does not allege facts showing Ms. Benjamin acted under color of state law.

4

### B. Amendments to the Complaint are futile.

Even if Mr. Benjamin amended his Complaint and alleged Judge Jackson denied him his right to due process, we would dismiss because Judge Jackson is protected by judicial immunity when ordering Mr. Benjamin to pay alimony in the Court of Common Pleas of Philadelphia County.[27] We would also dismiss Mr. Benjamin's same claim against Special Master Pandofi because special masters "acting on a judicial matter in a capacity functionally equivalent to judges" are also immune from suit.[28] Mr. Benjamin alleges Special Master Pandofi conducted a hearing, issued a proposed order, and refused to grant Mr. Benjamin's continuance, all of which are actions "functionally equivalent" to a judge.[29]

We also cannot vacate the 2014 state court support orders because we are a court of limited subject matter jurisdiction. Mr. Benjamin asks us to vacate the order of state court judge. Under the *Rooker-Feldman* doctrine, we "do not have jurisdiction over cases brought by a state court loser [] complaining of injuries caused by [a] state-court judgment [] rendered before the district court proceedings commenced and inviting district court review and rejection of [that] decision."[30] Our court of appeals held the *Rooker-Feldman* doctrine bars jurisdiction where a plaintiff requests a district court review a Family Court judge's suspension of the plaintiff's parental visitation rights because the district court would have to "conclude that the Family Court erred ....[and it] does not have the jurisdiction to so conclude."[31]

Mr. Benjamin also requests we vacate two rules to show cause on his wife's requests now pending before a state court judge. We have no concurrent jurisdiction over divorce and alimony matters and lack jurisdiction to intervene in ongoing divorce proceedings in state court. To the extent Mr. Benjamin asks for us to vacate the pending rules to show cause, we decline to exercise our limited jurisdiction under the *Younger* abstention doctrine.[32] Mr. Benjamin's

5

argument concerning his 2014 support hearing and any defenses to the present petitions can be resolved in the state court divorce action.

## III. Conclusion

In the accompanying Order, we grant Mrs. Benjamin's motion to dismiss her former husband's complaint. Mr. Benjamin does not, and cannot, state a civil rights claim against Mrs. Benjamin arising solely from her role as an adversary in an ongoing divorce proceeding in state court. His claim lacks merit, we lack subject matter jurisdiction and we cannot overturn state court orders in this context.

---

[1] Complaint, ECF Doc. No. 1 at 4 (Mr. Benjamin does not plead in paragraphs but in a page narrative.). Mr. Benjamin attached exhibits with different docket headings. For example, Exhibit C includes two rules to show cause, one filed under a 2012 docket and the other filed under a 2014 docket.

[2] *Id.* at p. 2.

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] Exhibit B to Complaint, ECF Doc. No. 1 at 11.

[11] ECF Doc. No. 1, at 3.

[12] *Id.*

[13] *Id.*

¹⁴ *Id.*

¹⁵ *Id.*

¹⁶ Exhibit C to Complaint, ECF Doc. No. 1 at 13.

¹⁷ *Id.*

¹⁸ *Id.*

¹⁹ *Id.*

²⁰ *Id.*

²¹ Complaint, ECF Doc. No. 1, at 5.

²² *Id.*

²³ In deciding a motion to dismiss under Rule 12(b)(6), we accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party, but we "are not compelled to accept unsupported conclusions and unwarranted inference, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Edinboro Coll. Park Apartments v. Edinboro Univ. Found.*, 850 F.3d 567, 572 (3d Cir. 2017) (quoting *In re Vehicle Carrier Serv. Antitrust Litig.*, 846 F.3d 71, 79 n.4 (3d Cir. 2017)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Maiden Creek Assoc., L.P. v. U.S. Dep't of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016) (quoting *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).
   Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

²⁴ *Coulston v. Glunt*, 665 Fed. Appx. 128, 130 (3d Cir. 2016) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) and *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

Our court of appeals instructs: "Our policy of liberally construing pro se submissions is driven by the understanding that [i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Higgs v. Atty. Gen. of the US.*, 655 F.3d 333, 339 (3d Cir.2011) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir.2006)) (internal quotation marks omitted).

Our court of appeals consistently demands a civil rights complaint contain "a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs" but does not consider this requirement inconsistent with *Haines*. *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981). "Our case law requires dismissal of complaints which 'contain only vague and conclusory allegations.'" *Id* (citing *Rotolo v. Borough of Charleroi*, 532 F.2d 920, 922-23 (3d Cir. 1976); *Kauffman v. Moss*, 420 F.2d 1270, 1275-76 & n.15 (3d Cir.), *cert. denied*, 400 U.S. 846 (1970); *Negrich v. Hohn*, 379 F.2d 213 (3d Cir. 1967)).

[25] See *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)) ("Section 1983 of 42 U.S.C. does not create substantive rights, but provides a remedy for the violation of rights created by federal").

[26] See *id.* (citing *Gomez v. Toledo*, 446 U.S. 636, 640 (1980)).

[27] *Andrews v. Hens-Greco*, 641 F. App'x 176, 179 (3d Cir. 2016) (citing *See Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000)) ("Under the doctrine of absolute judicial immunity, a judge is generally immune from suit in his or her individual capacity for money damages').

[28] *Prater v. City of Philadelphia Family Court*, 569 Fed. Appx. 76, 79 (3d Cir. 2014) (citing *Forrester v. White*, 484 U.S. 219, 225-26 (1988)).

[29] *See id.*

[30] *McKnight v. Baker*, 244 F. App'x 442, 444 (3d Cir. 2007) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)).

[31] *Id.* at 444-45 (internal citations omitted).

[32] In *Younger v. Harris*, 44 U.S. 37 (1971), the Supreme Court instructed federal courts may not enjoin ongoing state court proceedings absent extraordinary circumstances. We find no extraordinary circumstances. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972).